IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO TOLDEN,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent.<br>_____ | No. C 08-3782 CW<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY AND PETITIONER'S REQUESTS TO APPOINT COUNSEL AND TO PROCEED IN FORMA PAUPERIS ON APPEAL |

    Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254.  On March 1, 2010, the Court entered judgment denying the petition.  Petitioner seeks a certificate of appealability regarding all four claims in his habeas petition and requests the appointment of appellate counsel and leave to proceed in forma pauperis on appeal.

    A habeas petitioner may not appeal a final order in a federal habeas proceeding without first obtaining a certificate of appealability (formerly known as a "certificate of probable cause to appeal").  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must indicate which issue or issues satisfy the showing required by § 2253(c)(2).  28 U.S.C. § 2253(c)(3).

The Court finds that Petitioner has made a sufficient showing of the denial of a constitutional right in regard to his Eighth Amendment claim of cruel and unusual punishment and his two due process claims regarding improper jury instructions. Petitioner's request for a certificate of appealability on these three claims is GRANTED.

Petitioner also requests appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.) (1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196.

Because of Petitioner's low mental functioning, his motion for appointment of counsel is GRANTED. Attorney Victoria Stafford requests that she be appointed as counsel. Because Ms. Stafford has represented Petitioner in his state appeal and habeas proceedings in this Court, she is already familiar with the case. Therefore, the Court grants Petitioner's request that Ms. Stafford be appointed to represent him on appeal.

CONCLUSION

Accordingly, the Court grants Petitioner's certificate of appealability on the three claims discussed above and grants his requests for the appointment of Victoria Stafford as appellate counsel and for leave to proceed in forma pauperis on appeal.

IT IS SO ORDERED.



DATED: April 13, 2010

CLAUDIA WILKEN
United States District Judge